IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EUGENE WENDELKEN, on behalf of himself individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>HAFETZ AND ASSOCIATES LLC.<br><br>  Defendant. | Case No. 1:24-cv-07755-RMB-AMD<br><br>Judge Renee Marie Bumb<br><br>Magistrate Judge Ann Marie Donio |

**ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Plaintiff, individually and on behalf of the proposed Class, and Defendant have entered into a Settlement Agreement and Release, dated February 24, 2025 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.  Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.  The Court has jurisdiction over this litigation, Plaintiff, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiff's motion papers and briefs, and the declarations of counsel and the Settlement Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of information between the Parties before mediation. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CLASS CERTIFICATION

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Class defined in the Settlement Agreement as follows:

> All individuals residing in the United States whose PII was compromised in the Data Breach discovered by Hafetz and Associates LLC in October 2023, including the approximately 31,590 individuals identified on the Settlement Class List who were sent notice that their personal information may have been involved in the Data Incident.

Excluded from the Class are: (1) the judges presiding over this Litigation, and members of their direct families; (2) the Defendant, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6.     The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Class is comprised of many thousands of individuals; there are questions of law or fact common to the Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Class Representatives will fairly and adequately protect the interests of the Class.

7.     The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8.     The Court hereby appoints Eugene Wendelken as the Class Representative for the Class. The Court provisionally finds that the Class Representative is similarly situated to absent Settlement Class Members and therefore typical of the Class and that he will be an adequate Class Representative.

9.     The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Raina C. Borrelli of Strauss Borrelli PLLC.

## NOTICE AND ADMINISTRATION

10.     Pursuant to the Settlement Agreement, the Parties have designated Simpluris as the Settlement Administrator. Simpluris shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11.     The Court finds that the Class Notice and proposed Notice program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Class, the terms of the Settlement Agreement, the right of

Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Class and the processes for doing so, and the Final Approval Hearing. The Court therefore approves the Class Notice and Notice program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Settlement Administrator shall commence the Notice program within the time required by the Settlement Agreement.

13. The Court also approves the versions of the Claim Form and Short Form Notice.

## EXCLUSION AND OBJECTIONS

14. Settlement Class Members who wish to opt out and exclude themselves from the Class may do so by notifying the Settlement Administrator in writing, postmarked no later than **December 23, 2025** (90 days after entry of this Order). The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement in the communication. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice by **December 23, 2025** (90 days after entry of this Order), it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement

Administrator and must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

17. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## **FINAL APPROVAL HEARING**

18. The Court will hold a Final Approval Hearing on **February 25, 2026 at 11:00 AM** in Courtroom 1 of the United States Post Office and Courthouse, located on the 3rd floor, 401 Market

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representatives should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Class Representatives should be granted; and (g) a final judgment should be entered.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.

_____    _____

| | |
|---|---|
| September 24, 2025 | *[signature]* |
| Dated | Hon. Renee Marie Bumb<br>United States District Court Chief Judge |

## SETTLLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to Hafetz | 5 days after Preliminary Approval Order |
| Hafetz provides list of Settlement Class Members to the Settlement Administrator | 14 days after Preliminary Approval |
| Hafetz to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 45 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | 150 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |

| **Final Approval** | |
|---|---|
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 7 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |